### BUTLER BROS. v. SILBERSTEIN et al.

(Supreme Court, Appellate Term. May 15, 1908.)

1. COURTS—NEW YORK MUNICIPAL COURT—PROCEDURE—DISMISSAL WITHOUT PREJUDICE.

Under Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248, providing that, when a plaintiff does not prove his cause of action, the action shall be dismissed without prejudice to a new action, and section 249, requiring that an action be dismissed on its merits when at the close of the whole case the court is of the opinion that plaintiff is not entitled to recover as a matter of law, or where a demurrer is sustained and leave to plead over is not granted, a dismissal of an action in the Municipal Court for failure of proof should be a nonsuit without prejudice to the new action, and not on the merits.

2. SAME—COSTS—RIGHT OF SUCCESSFUL PARTY.

Under Municipal Court Act, Laws 1902, p. 1585, c. 580, § 332, providing that costs shall be allowed the prevailing party if he appeared by attorney at law, who files a verified pleading or a written notice of appearance, there can be no recovery of costs against a plaintiff, where there is neither a verified pleading nor a written notice of appearance filed by defendant's attorney.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Butler Bros. against Albert Silberstein and another. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Baggott & Ryall, for appellants.

Abraham B. Keve, for respondents.

PER CURIAM. The complaint was properly dismissed at close of plaintiff's case for failure of proof, but the dismissal should have been a nonsuit without prejudice to a new action, and not upon the merits. Sections 248, 249, Municipal Court Act (Laws 1902, p. 1561, c. 580).

Costs were erroneously allowed the defendant, and should be eliminated from the judgment. The Municipal Court act in section 332 provides that costs shall be allowed the prevailing party "if he shall have appeared by attorney at law who files a verified pleading or a written notice of appearance." There was neither a verified pleading nor a written notice of appearance filed by the defendant's attorney, and the costs should be eliminated. Pickhardt v. Pratt, 55 Misc. Rep. 231, 235, 105 N. Y. Supp. 236.

Judgment modified, as above indicated, and, as thus modified, affirmed, without costs in this court.